Jordan T. Porter, Esq. (SBN 250112)
LAW OFFICE OF JORDAN T. PORTER
225 E. Carrillo Street, Ste. 201
Santa Barbara, CA 93101
Phone: (805) 897-1830
Fax: (805) 897-1834
Email: jporter@jporter-law.com

Attorney for Plaintiff S. H., a minor, by and through his Guardian Ad Litem WILL H.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S. H., a minor, by and through his Guardian Ad Litem WILL H., <br><br> Plaintiff, <br><br> vs. <br><br> ORCUTT UNION SCHOOL DISTRICT, TY FREDRIKS, RHETT CARTER, SUSAN SALUCCI, and DOES 1 through 25, inclusive, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR:** <br> 1. BATTERY; <br> 2. ASSAULT; <br> 3. VIOLATION OF THE BANE ACT, CAL. CIV. CODE 52.1; <br> 4. INTENTIONAL MISREPRESENTATION; <br> 5. NEGLIGENT MISREPRESENTATION; <br> 6. VIOLATION OF 42 U.S.C. § 1983 <br> 7. VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 <br><br> **JURY TRIAL DEMANDED** <br><br> **TRIAL DATE**: None set. |

Plaintiff S. H., a minor, by and through his Guardian Ad Litem, WILL H., alleges as follows:

**I..**   **NATURE OF ACTION**

1. This is a case of ongoing teacher bullying and the impotent school district response and ratification of teacher bullying. Plaintiff brings this action to redress claims for assault, battery, negligence, fraud, violation of section 504 of the Rehabilitation Act of 1973, and violation of his civil rights by the Orcutt Union School District ("OUSD" or "The District"), his former teacher Ty

**COMPLAINT**

Page 1

Frederiks, his former principal Rhett Carter, and OUSD's superintendent, Susan Salucci.

2. Plaintiff was a student at Orcutt Academy High School, an exclusive charter school operated by OUSD. The mission of Orcutt Academy High School ("Orcutt Academy") "is to provide [its] students with a rigorous academic program, extracurricular opportunities for all, and a tight-knit school culture where students are connected with [its] teachers and staff. The overarching goal is to equip each student with the ability to be college/career-ready upon graduation."

3. Orcutt Academy promises to "equip students for the demands and opportunities of the future by attracting and maintaining high-quality teachers and staff who challenge students to be focused on college/career readiness through a disciplined and caring environment where conduct, ethics, and high morals are expected."

4. Orcutt Academy is a small college-preparatory high school that offers its students greater opportunities in the athletic programs, as well as, band, choir, and performing arts. Plaintiff is the second of three of John Doe's children to attend Orcutt Academy. Plaintiff's older sister attended, and graduated from Orcutt Academy, and is enrolled in university. Plaintiff's younger brother had planned on attending Orcutt Academy, prior to the events described herein.

5. Plaintiff was at all relevant times a student of the Orcutt Academy. On August 21, 2017, Plaintiff's teacher, Ty Fredriks ("Fredriks"), punched Plaintiff in the stomach, called him an idiot, and cursed at him in front of his peers in that tight-knit high school.

6. To make matters worse, the following day Plaintiff and his father, John Doe, informed Rhett Carter ("Carter"), principal of Orcutt Academy, of Fredriks' conduct, and Plaintiff described to Carter what had happened. John Doe made a request to Carter that Fredriks stay away from Plaintiff for the time being, Carter assured Plaintiff's father that he would so. Yet, later that day Fredriks pulled Plaintiff out of a class in front of his classmates, and his teacher allowed Plaintiff to be taken out of class by Fredericks, to talk to Plaintiff outside of any other supervision.

7. When later questioned by Plaintiff's father, Carter became aggressive and accused Plaintiff's father of questioning Carter's integrity.

**COMPLAINT**

Page 2

8.      Further, Susan Salucci ("Salucci") scheduled a meeting with Plaintiff and his parents as part of the school's "investigation" of Fredriks' conduct.  This would be the second time Plaintiff told his story.  Yet in what appears to be a concerted effort to isolate and intimidate Plaintiff, he was called out of class an hour before the scheduled meeting, and was questioned to "get to the truth of what really happened."  Plaintiff called his father who intervened and demanded to know why Plaintiff had been pulled out of class an hour before their scheduled meeting on the very same subject.  Salucci claimed this was a "pre-meeting."

9.      At all relevant times, Plaintiff was student with a 504 Plan.  Plaintiff's 504 Plan modifications included verbal reminders of academic expectations.  Prior to, and leading up to the August incident, Fredericks singled Plaintiff out in front of his classmates, called him "stupid" on more than one occasion, creating a hostile learning environment for Plaintiff.  In Plaintiff's case, his teacher became his tormentor, weaponizing his 504 Plan against him.  Plaintiff is informed and believes, and based thereon alleges, that his teachers, principal Carter, and superintendent Salucci were aware of Plaintiff's 504 Plan.

10.     The conduct by a Fredriks, an authority figure, is inexcusable, outrageous, offensive, and humiliating to say the least.  The conduct by Carter and Salucci appears designed solely to protect the school, its reputation, and the teacher, rather than to protect its students.

11.     Plaintiff is no longer enrolled at Orcutt Academy.  Yet, his abuser Ty Fredriks still teaches there.  Instead, Plaintiff has transferred to the general population high school, and he is getting lost in the mix of the larger high school population.  Based on the conduct of Fredriks, Carter, and Salucci to date, the Plaintiff's sibling will not attend for fear of retaliation.

## II.    JURISDICTION

12.     This Court has jurisdiction of the claims presented herein, pursuant to 28 §§ U.S.C. 1331 and 1343, subsection (1) through (4).  This action at law for money damages arises under Title 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act of 1973, and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges, and immunities secured to Plaintiff by said statutes.

**COMPLAINT**

Page 3

13. This Court has supplemental jurisdiction over all other claims alleged herein, including the claims for violations of California law pursuant to 28 U.S.C. § 1367 , as the state law claims form part of the same case or controversy under Article III of the United States Constitution as the Title 42 U.S.C. § 1983 claims.

14. This Court has personal jurisdiction over the Defendants, and venue is proper in this District, because the acts have occurred and continue to occur in the United States and in this District.  In addition, the Court has personal jurisdiction over the Defendants because they have established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.

### III.  PARTIES

15. Plaintiff S. H., is an individual minor child domiciled in the County of Santa Barbara, California.

16. Will H., plaintiff's father, and Guardian Ad Litem in this matter, is an individual domiciled in the County of Santa Barbara, California, in his parents' home.  Plaintiff resides, and during all revenant times resided, with his parents within the boundaries of Orcutt Union School District.

17. Plaintiff S. H., by and through his Guardian Ad Litem, is the real party in interest and sues under these fictitious names to preserve their privacy in this matter of sensitive and highly personal nature, as set forth herein.

18. Defendant Orcutt Union School District is a public school district authorized and existing under the laws of the State of California in the County of Santa Barbara, California.

19. Defendant Ty Fredriks is an individual who Plaintiff is informed and believes is domiciled in the County of Santa Barbara, California.

20. Defendant Rhett Carter is an individual who Plaintiff is informed and believes is domiciled in the County of Santa Barbara, California.

21. Defendant Susan Salucci is an individual who Plaintiff is informed and believes is domiciled in the County of Santa Barbara, California.

**COMPLAINT**

Page 4

22. During all times mentioned herein, Plaintiff attended the District's Orcutt Academy High School.

23. During all times mentioned herein, Defendants Carter and Salucci were managing agents of The District such that The District is vicariously liable for Defendants Carter and Salucci's actions. Defendants Fredriks, Carter, and Salucci were, during the times mentioned herein, agents for The District and carried out The District's goals and objectives, and each Defendant condoned and ratified the conduct of all other Defendants, and were at all times mentioned herein acting within the course and scope of said agency and employment, authority and ratification.

24. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 25, are unknown to Plaintiff at this time, who therefore sue such Defendants by such fictitious names, and will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereupon allege, that each of the fictitiously named Defendants is responsible for the occurrences herein alleged, and that plaintiff's damages were proximately caused by said Defendants.

25. Plaintiff alleges that Defendants, including DOE Defendants, and each of them at all times mentioned herein in this Complaint were the agents and/or employees and/or employers of their Co-Defendants and in doing the things alleged in this Complaint were acting within the course of such agency and/or employment and with the permission and consent of their Co-Defendants.

## IV. EXHAUSTION OF ADMINISTRIATIVE REMEDIES

26. Plaintiff has timely filed and exhausted all administrative remedies on all issues related to the allegations herein.

27. The District rejected all of Plaintiff's claims.

//

//

//

//

**COMPLAINT**

Page 5

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Battery – by Plaintiff against Defendant Ty Fredriks)**

28. Plaintiff re-alleges and incorporates the above-referenced paragraphs of this Complaint.

29. On August 21, 2017, Defendant Fredriks punched Plaintiff in the stomach, called him an idiot, and cursed at him in front of his peers in that tight-knit high school, with the intent to harm and offend Plaintiff.

30. Plaintiff did not consent to the touching.

31. Plaintiff was harmed and offended by Defendant Fredriks' conduct.

32. As a result of Defendant Fredricks' actions, Plaintiff has suffered and continues to suffer damages in an amount according to proof as set forth in the prayer for relief below.

33. In doing the acts herein alleged, Defendant Fredriks acted willfully, maliciously, oppressively, and with callous and intentional disregard of Plaintiff's interests, and subjected Plaintiff to unjust and extreme hardship, knowing that their conduct was substantially likely to injure Plaintiff. As a result of this conduct, Plaintiff is entitled to punitive damages.

### SECOND CAUSE OF ACTION

**(Assault – by Plaintiff against Defendants Ty Fredriks)**

34. Plaintiff re-alleges and incorporates the above-referenced paragraphs of this Complaint.

35. On or about August 22, 2017, Defendant Fredriks acted, intending to cause harmful or offensive conduct, when he pulled Plaintiff out of a class in front of his classmates, and his teacher allowed Plaintiff to be taken out of class by Fredericks, to confront Plaintiff outside of any other supervision, about Plaintiff's complaint of being punched by Defendant Fredriks.

36. Plaintiff reasonably believed, based on the circumstances and Defendant Fredricks' prior conduct, that he was about to be touched in a harmful or offensive manner.

//

**COMPLAINT**

37. As a result of Defendant Fredricks' actions, Plaintiff has suffered and continues to suffer damages in an amount according to proof as set forth in the prayer for relief below.

38. In doing the acts herein alleged, Defendant Fredriks acted willfully, maliciously, oppressively, and with callous and intentional disregard of Plaintiff's interests, and subjected Plaintiff to unjust and extreme hardship, knowing that their conduct was substantially likely to injure Plaintiff. As a result of this conduct, Plaintiff is entitled to punitive damages.

### THIRD CAUSE OF ACTION

**(Violation of the Bane Act, Cal. Civ. Code, § 52.1 – by Plaintiff against all Defendants)**

39. Plaintiff re-alleges and incorporates the above-referenced paragraphs of this Complaint.

40. Section 504 of the Rehabilitation Act of 1973 and the American with Disabilities Act of 1990 prohibits discrimination of disability by districts receiving federal funds.

41. At all relevant times, Plaintiff was student with a 504 Plan. Plaintiff's 504 Plan modifications included verbal reminders of academic expectations. Prior to, and leading up to the August 2017 incident, Frederiks singled Plaintiff out in front of his classmates, called him "stupid" on more than one occasion, creating a hostile learning environment for Plaintiff. In Plaintiff's case, his teacher became his tormentor, weaponizing his 504 Plan against him.

42. Section 32261 of the California Education Code states that "all pupils enrolled in the state public schools have the inalienable right to attend classes on school campuses that are safe, secure, and peaceful." Further, section 201 of the California Education Code states that "all pupils have the right to participate fully in the educational process, free from discrimination and harassment… [and that] [h]arassment on school grounds directed at an individual on the basis of personal characteristics or status creates a hostile environment and jeopardizes equal educational opportunity as guaranteed by the California Constitution and the United States Constitution."

43. On August 21, 2017 and on or about August 22, 2017, when Defendant Fredriks punched Plaintiff in the stomach, called him an idiot, and cursed at him in front of his peers in that tight-knit high school, and the pulled Plaintiff from a different class to confront Plaintiff about

**COMPLAINT**

Page 7

reporting Fredriks' conduct, Defendant Fredriks interfered with Plaintiff's free exercise and enjoyment of his rights set forth herein by committing and threatening violent acts.

44. As a result of Defendant Fredricks' actions, Plaintiff has suffered and continues to suffer damages in an amount according to proof as set forth in the prayer for relief below.

45. In doing the acts herein alleged, Defendant Fredriks acted willfully, maliciously, oppressively, and with callous and intentional disregard of Plaintiff's interests, and subjected Plaintiff to unjust and extreme hardship, knowing that their conduct was substantially likely to injure Plaintiff. As a result of this conduct, Plaintiff is entitled to punitive damages.

46. Plaintiff's father reported Fredrik's conduct to Defendant Carter, and made a request to Carter that Fredriks stay away from Plaintiff for the time being. Carter assured Plaintiff's father that he would, but failed to do so, and in such failure interfered with, and/or aided in the denial of Plaintiff's free exercise and enjoyment of his rights set forth herein.

47. Defendant Salucci ("Salucci") scheduled a meeting with Plaintiff and his parents as part of the school's "investigation" of Fredriks' conduct. Plaintiff is informed and believes and thereon alleges that, in a concerted effort to isolate, intimidate, and coerce Plaintiff, Salucci called out of class an hour before the scheduled meeting, and was questioned to "get to the truth of what really happened," and in doing so further interfered with, and/or aided in the denial of Plaintiff's free exercise and enjoyment of his rights set forth herein.

48. Defendant OUSD is, pursuant to section 815.2(a) of the Cal. Govt. Code, "[a] public entity […] liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Additionally, Plaintiff is further informed and believes, and based thereon alleges that complaints concerning Fredrik's conduct towards other students had been made to defendant OUSD, but those complaints were dismissed without investigation, or were minimized and ignored.

//

//

**COMPLAINT**

Page 8

LAW OFFICE OF JORDAN T. PORTER
225 E. Carrillo Street, Ste. 201
Santa Barbara, CA 93101
(805) 897-1830 Phone · (805) 897-1834 Fax
office@jtporter-law.com

## FOURTH CAUSE OF ACTION

**(Intentional Misrepresentation – by Plaintiff against Defendants Carter and Salucci)**

49. Plaintiff re-alleges and incorporates the above-referenced paragraphs of this Complaint.

50. Upon receipt of the report Fredrik's conduct, Defendant Carter assured Plaintiff that Fredriks would stay away from Plaintiff.

51. Defendant Salucci scheduled a meeting with Plaintiff and his parents, for a certain time and date, as part of the school's investigation of Fredriks' conduct.

52. Both representations were false, and Plaintiff is informed and believes that Carter and Salucci knew the representations to be false when made, or made recklessly and without regard for their truth, in that a) Fredriks subsequently removed Plaintiff from a different class, to confront Plaintiff about the report to Carter; and, b) Salucci called out of class an hour before the scheduled meeting, and was questioned to "get to the truth of what really happened," without his parents present.

53. Based on the foregoing, and on information and belief, Plaintiff alleges that Defendant Carter and Defendant Salucci intended that Plaintiff rely on their representations, and Plaintiff relied upon those representations.

54. As a result of Defendant Carter and Defendant Salucci's actions, Plaintiff has suffered and continues to suffer damages in an amount according to proof as set forth in the prayer for relief below.

55. In doing the acts herein alleged, Defendant Carter and Defendant Salucci's acted willfully, maliciously, oppressively, and with callous and intentional disregard of Plaintiff's interests, and subjected Plaintiff to unjust and extreme hardship, knowing that their conduct was substantially likely to injure Plaintiff. As a result of this conduct, Plaintiff is entitled to punitive damages.

//

//

**COMPLAINT**

Page 9

## FIFTH CAUSE OF ACTION

**(Negligent Misrepresentation – by Plaintiff against Defendants Carter and Salucci)**

56. Plaintiff re-alleges and incorporates the above-referenced paragraphs of this Complaint.

57. Upon receipt of the report Fredrik's conduct, Defendant Carter assured Plaintiff that Fredriks would stay away from Plaintiff.

58. Defendant Salucci scheduled a meeting with Plaintiff and his parents, for a certain time and date, as part of the school's investigation of Fredriks' conduct.

59. Defendants Carter and Salucci had no reasonable grounds to believe those representations to be true when made, based on their immediate subsequent conduct, in that a) Fredriks subsequently removed Plaintiff from a different class, to confront Plaintiff about the report to Carter; and, b) Salucci called out of class an hour before the scheduled meeting, and was questioned to "get to the truth of what really happened," without his parents present.

60. Based on the foregoing, and on information and belief, Plaintiff alleges that Defendant Carter and Defendant Salucci intended that Plaintiff rely on their representations, and Plaintiff relied upon those representations.

61. As a result of Defendant Carter and Defendant Salucci's actions, Plaintiff has suffered and continues to suffer damages in an amount according to proof as set forth in the prayer for relief below.

62. In doing the acts herein alleged, Defendant Carter and Defendant Salucci's acted willfully, maliciously, oppressively, and with callous and intentional disregard of Plaintiff's interests, and subjected Plaintiff to unjust and extreme hardship, knowing that their conduct was substantially likely to injure Plaintiff. As a result of this conduct, Plaintiff is entitled to punitive damages.

//

//

//

## SIXTH CAUSE OF ACTION

**(Violation of 42 U.S.C. § 1983 – by Plaintiff against All Defendants)**

63. Plaintiff re-alleges and incorporates the above-referenced paragraphs of this Complaint.

64. As alleged in detail above, Defendants interfered by threats and intimidation, with the free exercise and enjoyment by Plaintiff of rights secured by the Constitution, California Constitution, and laws of California.

65. As alleged in detail above, Defendants' were acting or purporting to act in the performance of their official duties, and such acts, that interfered with Plaintiff's rights, were done deliberately and spitefully.

66. As a result of Defendants actions, Plaintiff has suffered and continues to suffer damages in an amount according to proof as set forth in the prayer for relief below.

## SEVENTH CAUSE OF ACTION

**(Violation of Section 504 of the Rehabilitation Act of 1973 – by Plaintiff against All Defendants)**

67. Plaintiff re-alleges and incorporates the above-referenced paragraphs of this Complaint.

68. Section 504 of the Rehabilitation Act of 1973 and the American with Disabilities Act of 1990 prohibits discrimination of disability by districts receiving federal funds. OUSD is a public school district receiving such funds.

69. Section 201 of the California Education Code states that "all pupils have the right to participate fully in the educational process, free from discrimination and harassment… [and that] [h]arassment on school grounds directed at an individual on the basis of personal characteristics or status creates a hostile environment and jeopardizes equal educational opportunity as guaranteed by the California Constitution and the United States Constitution."

70. At all relevant times, Plaintiff was student with a 504 Plan. Plaintiff's 504 Plan modifications included verbal reminders of academic expectations. Prior to, and leading up to the

August 2017 incident, Frederiks singled Plaintiff out in front of his classmates, called him "stupid" on more than one occasion, creating a hostile learning environment for Plaintiff. In Plaintiff's case, his teacher became his tormentor, weaponizing his 504 Plan against him.

71. On August 21, 2017 and on or about August 22, 2017, when Defendant Fredriks punched Plaintiff in the stomach, called him an idiot, and cursed at him in front of his peers in that tight-knit high school, and the pulled Plaintiff from a different class to confront Plaintiff about reporting Fredriks' conduct, Fredriks violated section 504 intentionally and or with deliberate indifference.

72. Together with the subsequent conduct of Defendants Carter, Salucci, and OUSD, as set forth herein, including attempts to coerce Plaintiff, and Fredriks' continued employment, amount discrimination against Plaintiff, exclusion and denial of public benefits, and done intentionally and with deliberate indifference to Plaintiff that force Plaintiff to attend another school, in another school district.

73. As a result of Defendants actions, Plaintiff has suffered and continues to suffer damages in an amount according to proof as set forth in the prayer for relief below.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against all Defendants as follows:

1. For compensatory damages subject to proof;
2. For emotional distress;
2. For punitive and exemplary damages against Defendants Fredriks, Carter, and Salucci, in an amount according to proof;
3. For attorneys' fees pursuant to Civ. Code, § 52(b)(3) and 42 U.S.C. § 1988;
4. For costs of suit herein incurred;
5. For prejudgment and post-judgment interest;
6. For injunctive relief prohibiting Defendants from taking punitive or retaliatory action against Plaintiff and his family; and,
7. For such other relief as the Court may deem proper.

DATED September 14, 2018  LAW OFFICE OF JORDAN T. PORTER

By /s/ Jordan T. Porter
JORDAN T. PORTER
Attorney for Plaintiff S. H., a minor, by and through his Guardian Ad Litem WILL H.

## **DEAMND FOR JURY**

Plaintiff hereby demands a trial by jury of all claims so triable in the above-referenced matter.

DATED September 14, 2018  LAW OFFICE OF JORDAN T. PORTER

By /s/ Jordan T. Porter
JORDAN T. PORTER
Attorney for Plaintiff S. H., a minor, by and through his Guardian Ad Litem WILL H.

**COMPLAINT**

LAW OFFICE OF JORDAN T. PORTER
225 E. Carrillo Street, Ste. 201
Santa Barbara, CA 93101
(805) 897-1830 Phone · (805) 897-1834 Fax
office@jporter-law.com