20147.33283

1   CLAYTON U. HALL/S.B. #88535
2   MOLLY E. THURMOND/S.B. #104973
    JOHN D. BARRON/S.B. #283436
3   HALL, HIEATT & CONNELY, LLP
    1319 Marsh Street, Second Floor
4   San Luis Obispo, CA 93401
    Telephone: (805) 544-3830
5   Facsimile: (805) 544-5329
    hall@hhc-slo.com
6   Attorneys for Defendants,
7   ORCUTT UNION SCHOOL DISTRICT,
    RHETT CARTER, and SUSAN SALUCCI

8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10

11
12   S.H., a minor, by and through his      )   No. 2:18-cv-08015-SJO-RAO
     Guardian ad Litem WILL H.,             )   [Assigned to Honorable S. James
13                                          )   Otero]
             Plaintiff,                     )
14                                          )   DEFENDANTS' ANSWER TO
     vs.                                    )   COMPLAINT; DEMAND FOR JURY
15                                          )   TRIAL
     ORCUTT UNION SCHOOL              )
16   DISTRICT, TY FREDRIKS,           )
     RHETT CARTER, SUSAN              )
17   SALUCCI, and DOES 1 through 25,  )
     inclusive,                       )
18                                    )
             Defendants.              )
19   _____ )

20          Defendants, ORCUTT UNION SCHOOL DISTRICT (hereinafter "OUSD"),

21   RHETT CARTER (hereinafter "Carter"), and SUSAN SALUCCI (hereinafter

22   "Salucci"), by and through their attorneys, on behalf of themselves and no others,

23   hereby answer the Complaint (hereinafter "Complaint") filed by S.H., a minor, by and

24   through his Guardian ad Litem, WILL H. (hereinafter "Plaintiff") as follows:

25   I.     **NATURE OF ACTION**

26          1.     Answering the allegations set forth in Paragraph 1 of the Complaint,

27   these answering Defendants admit that Plaintiff has brought this action against

28   OUSD, Ty Fredriks (hereinafter "Fredriks"), Carter, and Salucci; that Fredriks was

1   Plaintiff's former teacher and that Carter was Plaintiff's former principal; and that
2   Salucci was the assistant superintendent of OUSD. Answering the remaining
3   allegations set forth in Paragraph 1, these answering Defendants deny each and every,
4   all and singular, generally and specifically, the remaining allegations contained
5   therein. These answering Defendants further deny that "[t]his is a case of ongoing
6   teacher bullying and an impotent school district response and ratification of teacher
7   bullying." These answering Defendants also deny, on information and belief, that any
8   teacher bullying occurred between Fredriks and Plaintiff; and deny that OUSD's
9   response to claims of teacher bullying were impotent; and deny that OUSD ratified
10  teacher bullying. These answering Defendants further deny, on information and
11  belief, that there ever occurred any of the following involving Plaintiff and
12  Defendants: assault, battery, negligence, fraud, violation of §504 of the Rehabilitation
13  Act of 1973, or violation of civil rights.

14          2.      Answering the allegations set forth in Paragraph 2 of the Complaint,
15  these answering Defendants admit that Plaintiff was a student at Orcutt Academy
16  High School (hereinafter "Orcutt Academy"); that OUSD operates Orcutt Academy;
17  and that the mission of Orcutt Academy "is to provide our students with a rigorous
18  academic program, extracurricular opportunities for all, and a tight-knit school culture
19  where students are connected with our teachers and staff. The overarching goal is to
20  equip each student with the ability to be college/career-ready upon graduation."
21  Answering the allegation set forth in Paragraph 2 that Orcutt Academy is an
22  "exclusive charter school," these answering Defendants admit that Orcutt Academy
23  is a charter school but, because the term "exclusive" is set forth so vaguely and
24  ambiguously, can neither admit nor deny that Orcutt Academy is an "exclusive
25  charter school." Answering the remaining allegations set forth in Paragraph 2, these
26  answering Defendants deny each and every, all and singular, generally and
27  specifically, the remaining allegations contained therein.
28  ///

DEFENDANT'S ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL                          2

3.    Answering the allegations set forth in Paragraph 3 of the Complaint, these answering Defendants admit the allegations contained therein.

4.    Answering the allegations set forth in Paragraph 4 of the Complaint, these answering Defendants admit that "Orcutt Academy is a small college-preparatory high school that offers its students greater opportunities in the athletic programs, as well as, band, choir, and performing arts" and admit that Plaintiff's older sister attended and graduated from Orcutt Academy. Answering the remaining allegations set forth in Paragraph 4, these answering Defendants state that they have no information or belief sufficient to answer said allegations and basing their denial thereon, deny each and every, all and singular, generally and specifically, the remaining allegations contained therein.

5.    Answering the allegations set forth in Paragraph 5 of the Complaint, these answering Defendants admit that Plaintiff "was at all relevant times a student of the Orcutt Academy"; and admit, on information and belief, that on August 21, 2017, Fredriks reflexively made contact with Plaintiff's stomach in order to prevent him from looking into the solar eclipse; and admit, on information and belief, that Fredriks admonished Plaintiff following said contact. Answering the remaining allegations set forth in Paragraph 5, these answering Defendants deny each and every, all and singular, generally and specifically, the remaining allegations contained therein.

6.    Answering the allegations set forth in Paragraph 6 of the Complaint, these answering Defendants admit that on August 22, 2017, Carter met with Plaintiff and his father concerning Plaintiff's allegations of Fredriks' conduct and admit that, on information and belief, Fredriks pulled Plaintiff out of a class later that day. Answering the remaining allegations set forth in Paragraph 6, these answering Defendants deny each and every, all and singular, generally and specifically, the remaining allegations contained therein.

///

7.     Answering the allegations set forth in Paragraph 7 of the Complaint, these answering Defendants deny each and every, all and singular, generally and specifically, the allegations contained therein. These answering Defendants further deny that Carter ever became aggressive with Plaintiff's father, and deny that Carter ever accused Plaintiff's father of questioning Carter's integrity.

8.     Answering the allegations set forth in Paragraph 8 of the Complaint, these answering Defendants admit that Salucci scheduled a meeting with Plaintiff's parents for 12:00pm on August 23, 2017, as part of the school's investigation of Plaintiff's allegations of Fredriks' conduct and admit that Plaintiff called his father after being pulled from class. Answering the remaining allegations set forth in Paragraph 8, these answering Defendants deny each and every, all and singular, generally and specifically, the remaining allegations contained therein. These answering Defendants further deny that there was ever any effort to isolate and/or intimidate Plaintiff, and deny that Defendants ever isolated and/or intimidated Plaintiff.

9.     Answering the allegations set forth in Paragraph 9 of the Complaint, these answering Defendants admit that Plaintiff was a student with a 504 Plan at all relevant times; and admit that Plaintiff's 504 Plan modifications included "verbal reminders of academic and behavioral expectations when needed to re-focus"; and admit that Carter, and Salucci were aware of Plaintiff's 504 Plan; and admit, on information and belief, that Fredriks was aware of Plaintiff's 504 Plan. Answering the allegation that "[p]rior to, and leading up to the August incident, Fredriks singled Plaintiff out in front of his classmates," these answering Defendants aver that the term "singled out" is so overly broad and set forth so vaguely and ambiguously that it is unintelligible and thus not susceptible to answer. To the extent a response is required, these answering Defendants deny, on information and belief, that Fredriks ever singled Plaintiff out in front of his classmates prior to or after the August 2017 incident. Answering the remaining allegations set forth in Paragraph 70, these

answering Defendants deny each and every, all and singular, generally and specifically, the remaining allegations contained therein. These answering Defendants further deny, on information and belief, that Fredriks ever called Plaintiff "stupid" prior to or after the August 2017 incident; and deny, on information and belief, that Fredriks created a hostile learning environment for Plaintiff; and deny, on information and belief, that Fredriks ever tormented Plaintiff; and deny, on information and belief, that Fredriks ever weaponized Plaintiff's 504 Plan against him.

10.     Answering the allegations set forth in Paragraph 10 of the Complaint, these answering Defendants deny each and every, all and singular, generally and specifically, the allegations contained therein, including the actions of these answering Defendants as alleged.

11.     Answering the allegations set forth in Paragraph 11 of the Complaint, these answering Defendants admit that Plaintiff is no longer enrolled at Orcutt Academy and admit that Fredriks continues to be an employee of Orcutt Academy. Answering the remaining allegations set forth in Paragraph 11, these answering Defendants state that they have no information or belief sufficient to answer said allegations and basing their denial thereon, deny each and every, all and singular, generally and specifically, the remaining allegations contained therein.

**II.     <u>JURISDICTION</u>**

12.     Answering the allegations set forth in Paragraph 12 of the Complaint, these answering Defendants deny each and every, all and singular, generally and specifically, the allegations contained therein. These answering Defendants further deny that there occurred a deprivation under color of state law of Plaintiff's rights, privileges, or immunities.

13.     Answering the allegations set forth in Paragraph 13 of the Complaint, these answering Defendants deny each and every, all and singular, generally and specifically, the allegations contained therein. These answering Defendants further deny that the state law claims form part of the same case or controversy under Article

1    III as the Title 42 U.S.C. §1983 claim.

2         14.    Answering the allegations set forth in Paragraph 14 of the Complaint,

3    these answering Defendants admit the allegations contained therein.

4    **III.   PARTIES**

5         15.    Answering the allegations set forth in Paragraph 15 of the Complaint,

6    these answering Defendants admit that Plaintiff is an individual minor child but have

7    no information or belief sufficient to answer the allegation that he is currently

8    domiciled in the County of Santa Barbara, California, and basing their denial thereon,

9    deny such allegation.

10        16.    Answering the allegations set forth in Paragraph 16 of the Complaint,

11   these answering Defendants admit that Will H. purports to be Plaintiff's father, that

12   he is acting as Plaintiff's Guardian ad Litem in this matter, and that he is an

13   individual. These answering Defendants state that they have no information or belief

14   sufficient to answer the remaining allegations, and basing their denial thereon, deny

15   each and every, all and singular, generally and specifically, the remaining allegations

16   contained therein.

17        17.    Answering the allegations set forth in Paragraphs 17 through 22 of the

18   Complaint, these answering Defendants admit the allegations contained therein.

19        18.    Answering the allegations set forth in Paragraph 23 of the Complaint,

20   these answering Defendants aver that the allegations are so overly broad, vague, and

21   ambiguous as to be unintelligible and thus not susceptible to answer. To the extent

22   a response is required, these answering Defendants state that they have no

23   information or belief sufficient to answer the allegations, and basing their denial

24   thereon, deny each and every, all and singular, generally and specifically, the

25   allegations contained therein.

26        19.    Answering the allegations set forth in Paragraph 24 of the Complaint,

27   these answering Defendants state that they have no information or belief sufficient

28   to answer said allegations and basing their denial thereon, deny each and every, all

1 | and singular, generally and specifically, the allegations contained therein.

2 |     20.    Answering the allegations set forth in Paragraph 25 of the Complaint,

3 | these answering Defendants aver that the allegations are so overly broad, vague, and

4 | ambiguous as to be unintelligible and thus not susceptible to answer. To the extent

5 | a response is required, these answering Defendants state that they have no

6 | information or belief sufficient to answer the allegations, and basing their denial

7 | thereon, deny each and every, all and singular, generally and specifically, the

8 | allegations contained therein.

9 | **IV.**    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10 |     21.    Answering the allegations set forth in Paragraph 26 of the Complaint,

11 | these answering Defendants state that they have no information or belief sufficient

12 | to answer said allegations and basing their denial thereon, deny each and every, all

13 | and singular, generally and specifically, the allegations contained therein.

14 |     22.    Answering the allegations set forth in Paragraph 27 of the Complaint,

15 | these answering Defendants admit that they denied Plaintiff's claims as required to

16 | be brought by the California Government Code before filing an action against a

17 | public entity and public employees.

18 | **V.**    **CAUSES OF ACTION**

19 | **THIRD CAUSE OF ACTION**

20 | **(Violation of the Bane Act, Cal. Civ. Code §52.1 -**

21 | **by Plaintiff against all Defendants)**

22 |     23.    Answering the allegations set forth in Paragraph 39 of the Complaint,

23 | these answering Defendants incorporate by reference all of its answers to Paragraphs

24 | 1 through 38, as fully as though the same were herein again set forth.

25 |     24.    Answering the allegations set forth in Paragraph 40 of the Complaint,

26 | these answering Defendants admit the allegations contained therein.

27 |     25.    Answering the allegations set forth in Paragraph 41 of the Complaint,

28 | these answering Defendants admit that Plaintiff was a student with a 504 Plan at all

relevant times and admit that Plaintiff's 504 Plan modifications "verbal reminders of academic and behavioral expectations when needed to re-focus." Answering the allegation that "[p]rior to, and leading up to the August incident, Fredriks singled Plaintiff out in front of his classmates," these answering Defendants aver that the term "singled out" is so overly broad and set forth so vaguely and ambiguously that it is unintelligible and thus not susceptible to answer. To the extent a response is required, these answering Defendants deny, on information and belief, that Fredriks ever singled Plaintiff out in front of his classmates prior to or after the August 2017 incident. Answering the remaining allegations set forth in Paragraph 70, these answering Defendants deny each and every, all and singular, generally and specifically, the remaining allegations contained therein. These answering Defendants further deny, on information and belief, that Fredriks ever called Plaintiff "stupid" prior to or after the August 2017 incident; and deny, on information and belief, that Fredriks created a hostile learning environment for Plaintiff; and deny, on information and belief, that Fredriks ever tormented Plaintiff; and deny, on information and belief, that Fredriks ever weaponized Plaintiff's 504 Plan against him.

26.    Answering the allegations set forth in Paragraph 42 of the Complaint, these answering Defendants admit the allegations contained therein.

27.    Answering the allegations set forth in Paragraph 43 of the Complaint, these answering Defendants admit, on information and belief, that Fredriks reflexively made contact with Plaintiff's stomach; and admit, on information and belief, that Fredriks admonished him for looking into the sun; and admit, on information and belief, that Fredriks pulled Plaintiff out of a class later that day. Answering the remaining allegations set forth in Paragraph 43, these answering Defendants deny each and every, all and singular, generally and specifically, the remaining allegations contained therein. These answering Defendants further deny, on information and belief, that Fredriks interfered with Plaintiff's free exercise and enjoyment of his rights set forth therein, and deny, on information and belief, that

1 Fredriks ever committed violent acts; and deny, on information and belief, that
2 Fredriks ever threatened violent acts.

3      28.    Answering the allegations set forth in Paragraph 44 of the Complaint,
4 these answering Defendants deny each and every, all and singular, generally and
5 specifically, the allegations contained therein. These answering Defendants further
6 deny that Plaintiff has ever suffered damages as a result of Defendants' actions, and
7 accordingly deny that Plaintiff continues to suffer damages as a result of Defendants'
8 actions.

9      29.    Answering the allegations set forth in Paragraph 45 of the Complaint,
10 these answering Defendants deny each and every, all and singular, generally and
11 specifically, the allegations contained therein. These answering Defendants further
12 deny that their actions injured Plaintiff, and deny that such actions were at any time
13 substantially likely to injure Plaintiff.

14      30.    Answering the allegations set forth in Paragraph 46 of the Complaint,
15 these answering Defendants admit that Plaintiff's father reported Plaintiff's
16 allegations of Fredriks' conduct to Carter. Answering the remaining allegations set
17 forth in Paragraph 46, these answering Defendants deny each and every, all and
18 singular, generally and specifically, the remaining allegations contained therein.
19 These answering Defendants further deny that they interfered with Plaintiff's free
20 exercise and enjoyment of his rights set forth therein, and deny that they aided in the
21 denial of Plaintiff's free exercise and enjoyment of his rights set forth therein.

22      31.    Answering the allegations set forth in Paragraph 47 of the Complaint,
23 these answering Defendants admit that Salucci scheduled a meeting with Plaintiff's
24 parents for 12:00pm on August 23, 2017 as part of the school's investigation of
25 Plaintiff's allegations of Fredriks' conduct and admit that Salucci called Plaintiff out
26 of class on the morning of said meeting. Answering the remaining allegations set
27 forth in Paragraph 47, these answering Defendants deny each and every, all and
28 singular, generally and specifically, the remaining allegations contained therein.

These answering Defendants further deny that there was any effort to isolate, intimidate, or coerce Plaintiff; and deny that they ever isolated, intimidated, or coerced Plaintiff; and deny that they interfered with Plaintiff's free exercise and enjoyment of his rights set forth therein; and deny that they aided in the denial of Plaintiff's free exercise and enjoyment of his rights set forth therein.

32.     Answering the allegations set forth in Paragraph 48 of the Complaint, these answering Defendants admit that California Government Code §815.2(a) applies to OUSD. Answering the remaining allegations set forth in Paragraph 48, these answering Defendants aver that the allegations are so overly broad, vague, and ambiguous as to be unintelligible and thus not susceptible to answer. To the extent a response is required, these answering Defendants deny each and every, all and singular, generally and specifically, the remaining allegations contained therein.

## FOURTH CAUSE OF ACTION

### (Intentional Misrepresentation - by Plaintiff against Defendants Carter and Salucci)

33.     Answering the allegations set forth in Paragraph 49 of the Complaint, these answering Defendants incorporate by reference all of its answers to Paragraphs 1 through 48, as fully as though the same were herein again set forth.

34.     Answering the allegations set forth in Paragraph 50 of the Complaint, these answering Defendants deny each and every, all and singular, generally and specifically, the allegations contained therein.

35.     Answering the allegations set forth in Paragraphs 51, 52, and 53 of the Complaint, these answering Defendants admit that Salucci scheduled a meeting with Plaintiff's parents for 12:00pm on August 23, 2017; and admit, on information and belief, that after the solar eclipse incident Fredriks pulled Plaintiff out of a class; and admit that Salucci called Plaintiff out of class on the morning of August 23, 2017, with Plaintiff's parents' consent. Answering the remaining allegations contained within Paragraphs 51, 52, and 53, these answering Defendants deny each and every,

all and singular, generally and specifically, the remaining allegations contained therein. These answering Defendants further deny that said meeting was originally scheduled to include Plaintiff and instead assert that Salucci advised Will H. that she would need to speak with Plaintiff and asked if she could speak with Plaintiff on August 23, 2017, to which Will H. consented. When Salucci attempted to meet with Plaintiff on the morning of August 23, 2017, Will H. stated that he had changed his mind but agreed that Plaintiff could accompany his parents to their meeting with Salucci later that day. Will. H. again changed his mind and refused to allow Plaintiff to be interviewed by Salucci in that meeting.

36.     Answering the allegations set forth in Paragraph 54 of the Complaint, these answering Defendants deny each and every, all and singular, generally and specifically, the allegations contained therein. These answering Defendants further deny that Plaintiff has ever suffered damages as a result of Defendants' actions, and accordingly deny that Plaintiff continues to suffer damages as a result of Defendants' actions.

37.     Answering the allegations set forth in Paragraph 55 of the Complaint, these answering Defendants deny each and every, all and singular, generally and specifically, the allegations contained therein. These answering Defendants further deny that their actions injured Plaintiff, and deny that such actions were at any time substantially likely to injure Plaintiff.

## FIFTH CAUSE OF ACTION

### (Negligent Misrepresentation -

### by Plaintiff against Defendants Carter and Salucci)

38.     Answering the allegations set forth in Paragraph 56 of the Complaint, these answering Defendants incorporate by reference all of its answers to Paragraphs 1 through 55, as fully as though the same were herein again set forth.

///

///

39.     Answering the allegations set forth in Paragraph 57 of the Complaint, these answering Defendants deny each and every, all and singular, generally and specifically, the allegations contained therein.

40.     Answering the allegations set forth in Paragraphs 58, 59, and 60 of the Complaint, these answering Defendants admit that Salucci scheduled a meeting with Plaintiff's parents for 12:00pm on August 23, 2017; and admit, on information and belief, that after the solar eclipse incident Fredriks pulled Plaintiff out of a class; and admit that Salucci called Plaintiff out of class on the morning of August 23, 2017, with Plaintiff's parents' consent. Answering the remaining allegations contained within Paragraphs 58, 59, and 60, these answering Defendants deny each and every, all and singular, generally and specifically, the remaining allegations contained therein. These answering Defendants further deny that said meeting was originally scheduled to include Plaintiff and instead assert that Salucci advised Will H. that she would need to speak with Plaintiff and asked if she could speak with Plaintiff on August 23, 2017, to which Will H. consented. When Salucci attempted to meet with Plaintiff on the morning of August 23, 2017, Will H. stated that he had changed his mind but agreed that Plaintiff could accompany his parents to their meeting with Salucci later that day. Will. H. again changed his mind and refused to allow Plaintiff to be interviewed by Salucci in that meeting.

41.     Answering the allegations set forth in Paragraph 61 of the Complaint, these answering Defendants deny each and every, all and singular, generally and specifically, the allegations contained therein. These answering Defendants further deny that Plaintiff has ever suffered damages as a result of Defendants' actions, and accordingly deny that Plaintiff continues to suffer damages as a result of Defendants' actions.

42.     Answering the allegations set forth in Paragraph 62 of the Complaint, these answering Defendants deny each and every, all and singular, generally and specifically, the allegations contained therein. These answering Defendants further

deny that their actions injured Plaintiff, and deny that such actions were at any time substantially likely to injure Plaintiff.

## SIXTH CAUSE OF ACTION

### (Violation of 42 U.S.C. §1938 - by Plaintiff against All Defendants)

43.    Answering the allegations set forth in Paragraph 63 of the Complaint, these answering Defendants incorporate by reference all of its answers to Paragraphs 1 through 62, as fully as though the same were herein again set forth.

44.    Answering the allegations set forth in Paragraph 64 of the Complaint, these answering Defendants deny each and every, all and singular, generally and specifically, the allegations contained therein. These answering Defendants further deny that they ever threatened or intimidated Plaintiff.

45.    Answering the allegations set forth in Paragraph 65 of the Complaint, these answering Defendants aver that the allegations are so overly broad, vague, and ambiguous as to be unintelligible and thus not susceptible to answer. To the extent a response is required, these answering Defendants state that they have no information or belief sufficient to answer the allegations, and basing their denial thereon, deny each and every, all and singular, generally and specifically, the allegations contained therein. These answering Defendants further deny that Defendants actions interfered with Plaintiff's rights, and deny that they acted deliberately and spitefully.

46.    Answering the allegations set forth in Paragraph 66 of the Complaint, these answering Defendants deny each and every, all and singular, generally and specifically, the allegations contained therein. These answering Defendants further deny that Plaintiff has ever suffered damages as a result of Defendants' actions, and accordingly deny that Plaintiff continues to suffer damages as a result of Defendants' actions.

///

///

**SEVENTH CAUSE OF ACTION**

**(Violation of Section 504 of the Rehabilitation Act of 1973 -**

**by Plaintiff against All Defendants)**

47.    Answering the allegations set forth in Paragraph 67 of the Complaint, these answering Defendants incorporate by reference all of its answers to Paragraphs 1 through 66, as fully as though the same were herein again set forth.

48.    Answering the allegations set forth in Paragraphs 68 and 69 of the Complaint, these answering Defendants admit the allegations contained therein.

49.    Answering the allegations set forth in Paragraph 70 of the Complaint, these answering Defendants admit that Plaintiff was a student with a 504 Plan at all relevant times and admit that Plaintiff's 504 Plan modifications included "verbal reminders of academic and behavioral expectations when needed to re-focus." Answering the allegation that "[p]rior to, and leading up to the August incident, Fredriks singled Plaintiff out in front of his classmates," these answering Defendants aver that the term "singled out" is so overly broad and set forth so vaguely and ambiguously that it is unintelligible and thus not susceptible to answer. To the extent a response is required, these answering Defendants deny, on information and belief, that Fredriks ever singled Plaintiff out in front of his classmates prior to ir after the August 2017 incident. Answering the remaining allegations set forth in Paragraph 70, these answering Defendants deny each and every, all and singular, generally and specifically, the remaining allegations contained therein. These answering Defendants further deny, on information and belief, that Fredriks ever called Plaintiff "stupid" prior to or after the August 2017 incident; and deny, on information and belief, that Fredriks created a hostile learning environment for Plaintiff; and deny, on information and belief, that Fredriks ever tormented Plaintiff; and deny, on information and belief, that Fredriks ever weaponized Plaintiff's 504 Plan against him.

50.    Answering the allegations set forth in Paragraph 71 of the Complaint, these answering Defendants admit, on information and belief, that Fredriks

reflexively made contact with Plaintiff's stomach; and admit, on information and belief, that Fredriks admonished him for looking into the sun; and admit, on information and belief, that Fredriks pulled out of a class later that day. Answering the remaining allegations set forth in Paragraph 71, these answering Defendants deny each and every, all and singular, generally and specifically, the remaining allegations contained therein. These answering Defendants further deny, on information and belief, that Fredriks violated section 504 intentionally and/or with deliberate indifference.

51.   Answering the allegations set forth in Paragraph 72 of the Complaint, these answering Defendants admit that Fredriks continues to be employed by OUSD. Answering the remaining allegations set forth in Paragraph 72, these answering Defendants deny each and every, all and singular, generally and specifically, the remaining allegations contained therein. These answering Defendants further deny that there occurred any attempts to coerce Plaintiff; and deny that Defendants discriminated against Plaintiff; and deny that Plaintiff was excluded from or denied public benefits.

52.   Answering the allegations set forth in Paragraph 73 of the Complaint, these answering Defendants deny each and every, all and singular, generally and specifically, the allegations contained therein. These answering Defendants further deny that Plaintiff has ever suffered damages as a result of Defendants' actions, and accordingly deny that Plaintiff continues to suffer damages as a result of Defendants' actions.

## AFFIRMATIVE DEFENSES

AS A FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering Defendants allege that said Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

///

AS A SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering Defendants allege that Plaintiff was careless and negligent in and about the matters alleged in the Complaint and such carelessness and negligence on Plaintiff's own part proximately contributed to the happenings of the incident and to the injuries, loss, and damage complained of, if any there were; that should Plaintiff recover damages, Defendants are entitled to have the amount thereof abated, reduced, or eliminated to the extent that Plaintiff's own negligence caused and/or contributed to the injuries, if any.

AS A THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering Defendants allege that Plaintiff acted with full knowledge of all of the facts and circumstances surrounding his injuries, if any there were, and that said matters of which Plaintiff assumed the risk proximately contributed to and proximately caused his injuries and damages, if any.

AS A FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering Defendants allege that they relied upon operative statutes and at all times acted in compliance with said statutes and believe that such statutes were constitutional and said statutes had not been declared unconstitutional by a court of competent jurisdiction at the time of these Defendants' actions as alleged in the Complaint on file herein.

AS A FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering Defendants allege that the acts complained of occurred within the scope of official duties, and, as such, these Defendants are absolutely immune from the performance of said acts in such capacity.

AS A SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering Defendants allege that the acts complained of occurred within the scope of official duties, and as such, the Defendants have a qualified immunity granted to it by law.

///

AS A SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering Defendants allege that they acted at all times in good faith and with reasonable cause and belief.

AS AN EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering Defendants allege that punitive damages are violative of the due process, equal protection, and right of privacy provisions of the United States and California State Constitutions and this Court, therefore, does not have the subject matter jurisdiction to hear the punitive damage claim.

AS A NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering Defendants allege that the Complaint fails to state a cause of action for exemplary damages and such recovery is not allowed against a public entity, pursuant to California Government Code §818. Further, Plaintiff has not stated a cause of action for exemplary damages against the individual defendants named.

AS A TENTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering Defendants allege that at the times and places mentioned in Plaintiff's Complaint, Plaintiff did commit wilful misconduct in and about the things alleged in Plaintiff's Complaint, which said wilful misconduct occurred in a point of time with the alleged misconduct of these answering Defendants, if any there may have been, and proximately caused and/or contributed to Plaintiff's injuries and damages, if any.

AS AN ELEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering Defendants allege that the proximate cause of the incident upon which this lawsuit is based was due to the negligence and/or intentional acts of other persons or entities for whom these answering Defendants are not responsible.

///

1    AS A TWELFTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE
2    COMPLAINT ON FILE HEREIN, these answering Defendants allege that if, and to
3    the extent that the allegations of the Complaint attempt to enlarge upon the facts
4    and/or contentions set forth in the Claim, if any, filed by the Plaintiff, then said
5    Complaint fails to state a cause of action and violates the provisions contained within
6    California Government Code Title 1, Division 3.6, and these responding Defendants
7    hereby reserve the right to strike said allegations and to object to any evidence
8    directed to proof of said allegations.

9    AS A THIRTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO
10   THE COMPLAINT ON FILE HEREIN, these answering Defendants allege that
11   Plaintiff has failed to comply with the claims provisions contained within California
12   Government Code Title 1, Division 3.6.

13   AS A FOURTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO
14   THE COMPLAINT ON FILE HEREIN, these answering Defendants allege that
15   Plaintiff's Complaint is barred pursuant to the provisions of California Government
16   Code §§815, 815.2, 818.2, 818.6, 820.2, 820.4, 820.6, 820.8, and 821.4, California
17   Code of Civil Procedure §985, and California Education Code §§44807, 44807.5,
18   44808, and 44808.5.

19   AS A FIFTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE
20   COMPLAINT ON FILE HEREIN, these answering Defendants allege that Plaintiff
21   has failed to exhaust applicable administrative remedies prior to bringing his seventh
22   claim for relief.

23   AS A SIXTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE
24   COMPLAINT ON FILE HEREIN, these answering Defendants allege that Plaintiff's
25   seventh claim for relief is not ripe and this Court therefore lacks jurisdiction to hear
26   such matters.

27   ///

28   ///

AS A SEVENTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering Defendants allege that they have immunity under the Eleventh Amendment to the United States Constitution.

AS AN EIGHTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering Defendants allege that the acts complained of occurred within the scope of its official duties and these answering Defendants had no knowledge that said acts were illegal and/or unconstitutional, if in fact they were, nor were said acts clearly violative of Plaintiff's rights at the time they were committed.

AS A NINETEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering Defendants allege that Plaintiff's Complaint and each cause of action thereof is couched in conclusory terms, such that these answering Defendants cannot fully anticipate all affirmative defenses that may be applicable. Accordingly, the right to assert additional affirmative defenses if and to the extent such affirmative defenses are applicable, is hereby reserved.

## **DEMAND FOR JURY TRIAL**

Pursuant to the United States Central District Court Local Rule 38-1, these answering Defendants demand a jury trial as provided for by F.R.C.P. Rule 38(b).

WHEREFORE, these answering Defendants pray for costs of suit herein and for attorneys fees pursuant to operative statutes, including but not limited to California Code of Civil Procedure §§128.7, 1021.7, and 1038 and F.R.C.P. Rules 11 and 41(d).

Dated: October 10, 2018

HALL, HIEATT & CONNELY, LLP

By:_____
CLAYTON U. HALL
Attorney for Defendant,
ORCUTT UNION SCHOOL DISTRICT

# PROOF OF SERVICE
## [C.C.P. §§1013, 2015.5]

Pursuant to <u>California Code of Civil Procedure</u> §§1013(a)(3) and 2015.5, I declare:

I am a resident of the State of California.  I am over the age of eighteen years and I am not a party to the within entitled action.  I am employed by the Law Firm of Hall, Hieatt & Connely, LLP, and my business address is 1319 Marsh Street, Second Floor, San Luis Obispo, California.

On October 10, 2018, I served the within DEFENDANTS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL on the interested parties as follows:

| Attorney for Plaintiff: | Attorney for Deft., Ty Frederiks: |
|---|---|
| Jordan T. Porter, Esq. | Gregory L. Myers, Esq. |
| Law Offices of Jordan T. Porter | Law Offices of Gregory L. Myers |
| 225 E. Carrillo Street, Suite 201 | 1500 W. Shaw Avenue, Suite 204 |
| Santa Barbara, CA 93101 | Fresno, CA 93711 |
| Telephone: (805) 897-1830 | Telephone: (559) 222-1005 |
| Facsimile: (805) 897-1834 | Facsimile: (559) 222-0702 |
| jporter@jporter-law.com | gmyers@fresno-law.com |

____ **By Mail.** I caused each envelope addressed to the office of the person(s) listed above, with postage thereon fully prepaid as first class mail, to be collected for same day deposit according to the firm's practice and procedure to be placed in the United States Mail at San Luis Obispo, California.

____ **By Overnight Delivery.** I caused such document(s) to be delivered by OnTrac Overnight/Federal Express courier service to the office of the person(s) listed above.

____ **By Facsimile Transmission.** I caused such document(s) to be delivered by facsimile transmission to the facsimile number(s) of the person(s) listed above and that transmission was reported as complete and without error.

✓ **By CM/ECF Electronic Transmission:** Based on a Court order or an agreement of the parties to accept service by CM/ECF electronic transmission, I caused the document(s) to be CM/ECF electronically filed to the persons at the email addresses listed herein.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

✓ **Federal.** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on October 10, 2018, at San Luis Obispo, California.

_____
LUISA M. SOLIS

DEFENDANT'S ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL

20