Gregory L. Myers, #95743
LAW OFFICES OF GREGORY L. MYERS
1500 W. Shaw Ave., Suite 204
Fresno, California 93711
Tel:   559-222-1005
Fax:   559-222-0702
gmyers@fresno-law.com

Attorney for Defendant, TY FREDRIKS

# IN THE UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.H. a minor, by and through his Guardian Ad Litem, WILL H., <br><br> Plaintiff, <br><br> vs. <br><br> ORCUTT UNION SCHOOL DISTRICT, TY FREDRIKS, RHETT CARTER, SUSAN SALUCCI, et al., <br><br> Defendants. | CASE NO.: 2:18-cv-08015 SJO RAO <br><br> **DEFENDANT TY FREDRIKS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant, TY FREDRIKS (hereinafter referred to as "Fredriks") by and through his attorneys and on behalf of themselves and no others, hereby answers the Complaint (hereinafter "Complaint") filed by S.H., a minor, by and through his Guardian ad Litem, WILL H. (hereinafter "Plaintiff") as follows:

///

///

PARAGRAPH 1

Fredriks admits Plaintiff has asserted claims under the Rehabilitation Act of 1973, and that Fredriks is a former teacher of Plaintiff; that Plaintiff attended school at Orcutt Academy which is within the Orcutt Union School District, that Rhett Carter is a former principal at Orcutt Academy, and that Susan Salucci was the Superintendent of Orcutt Union School District. All other allegations are denied generally and specifically.

PARAGRAPH 2

To the extent Plaintiff alleges he was a student at Orcutt Academy High School, that OUSD operates Orcutt Academy; and that the mission of Orcutt Academy is to provide students with a rigorous academic program, extracurricular opportunities, and a tight-knit school culture, with the overarching goal of the school to equip each student with the ability to be college/career-ready upon graduation, Fredriks admits the allegations. Insofar as Plaintiff alleges that Orcutt Academy is an "exclusive charter school," Fredriks believes the term, "exclusive" is too vague and ambiguous to allow him to admit nor deny that Orcutt Academy is an "exclusive charter school." All other allegations are denied generally and specifically.

PARAGRAPH 3

Fredriks admits the allegations contained within Paragraph 3.

PARAGRAPH 4

Answering the allegations set forth in Paragraph 4 of the Complaint, Fredriks admits that Orcutt Academy is a small college-preparatory high school that offers its students greater opportunities in its athletic programs, as well as, band, choir, and performing arts, and further admits that Plaintiff's older sister attended and graduated from Orcutt Academy. Fredriks does not have sufficient information to allow him admit or deny the allegations

regarding the intents of Plaintiff's family members, and placing his denial upon that ground, denies each and every allegation contained therein.

PARAGRAPH 5

Fredriks believes the tem, "punched" is too vague and ambiguous to allow him to admit or deny the allegations as asserted in Paragraph 5. In an effort to cooperate, it can be said that Fredriks reflexively made contact with Plaintiff's stomach in order to prevent him from looking into the solar eclipse without eye protection. All other allegations are denied generally and specifically.

PARAGRAPH 6

Fredriks does not have sufficient information regarding the interaction between John Doe and Rhett Carter to allow him to admit or deny the allegations in this paragraph and placing his denial upon that ground, denies any such allegation. Fredriks admits that he spoke with Plaintiff after being allowed to do so by the teacher who was in charge of Plaintiff's classroom.

PARAGRAPH7

Fredriks does not have sufficient information regarding the interaction between John Doe and Rhett Carter to allow him to admit or deny the allegations in this paragraph and placing his denial upon that ground, denies any such allegation.

PARAGRAPH 8

Fredriks does not have sufficient information regarding the interaction between John Doe and Susan Salucci to allow him to admit or deny the allegations in this paragraph and placing his denial upon that ground, denies any such allegation.

///

///

PARAGRAPH 9

Fredriks admits Plaintiff had a 504 Plan that included verbal reminders of academic expectations. All other allegations are denied generally and specifically.

PARAGRAPH 10

Fredriks does not have sufficient information regarding the motivation of any actions of Rhett Carter or Susan Salucci to allow him to admit or deny the allegations in this paragraph, and placing his denial upon that ground denies any such allegation. All other allegations are denied generally and specifically.

PARAGRAPH 11

Fredriks admits Plaintiff no longer attends Orcutt Academy and that he remains an employee at Orcutt Academy. All other allegations are denied generally and specifically.

PARAGRAPH 12

Fredriks admits this Court has jurisdiction over claims arising out of 42 USC § 1983, Section 504 of the Rehabilitation Act of 1973, and the United States Constitution, however he denies that Plaintiff has valid claims under any of the aforementioned statutes.

PARAGRAPH 13

Fredriks admits this Court has discretionary Supplemental Jurisdiction over cases where there are mixed causes of action, which may include those that arise under State law, however he denies Plaintiff has valid claims under this Court's original jurisdiction to which such Supplemental Jurisdiction can be anchored.

PARAGRAPH 14

Fredriks admits the allegations contained in Paragraph 14.

///

PARAGRAPH 15

Although Fredriks admits Plaintiff is a minor child, he does not have sufficient information regarding the domicile of Plaintiff to allow him to admit or deny the allegations in this paragraph and placing his denial upon that ground, denies any such allegation.

PARAGRAPH 16

Fredriks does not have sufficient information regarding "Will H." to allow him to admit or deny the allegations in this paragraph and placing his denial upon that ground, denies any such allegation.

PARAGRAPH 17

Fredriks admits the allegations contained in Paragraph 17.

PARAGRAPH 18

Fredriks admits the allegations contained in Paragraph 18.

PARAGRAPH 19

Fredriks admits the allegations contained in Paragraph 19.

PARAGRAPH 20

Fredriks does not have sufficient information regarding the domicile of Rhett Carter to allow him to admit or deny the allegations in this paragraph and placing his denial upon that ground, denies any such allegation.

PARAGRAPH 21

Fredriks does not have sufficient information regarding the domicile of Susan Salucci to allow him to admit or deny the allegations in this paragraph and placing his denial upon that ground, denies any such allegation.

///

PARAGRAPH 22

Fredriks admits the allegations contained in Paragraph 22.

PARAGRAPH 23

Fredriks denies generally and specifically the allegations contained in Paragraph 23.

PARAGRAPH 24

Fredriks does not have sufficient information regarding the knowledge of Plaintiff or his attorneys that would allow him to admit or deny the allegations in this paragraph, and placing his denial upon that ground, denies any such allegation.

PARAGRAPH 25

Fredriks does not have sufficient information regarding the knowledge of Plaintiff or his attorneys that would allow him to admit or deny the allegations in this paragraph, and placing his denial upon that ground, denies any such allegation.

PARAGRAPH 26

Fredriks admits the allegations contained in Paragraph 26.

PARAGRAPH 27

Fredriks admits the allegations contained in Paragraph 27.

PARAGRAPH 28

To the extent Plaintiff incorporates the allegations contained within Paragraphs 1 through 27, Fredriks restates and incorporates his responses to same said paragraphs.

PARAGRAPH 29

Fredriks believes the term "punched" is too vague and ambiguous to allow him to admit or deny the allegations as asserted in Paragraph 29. In an effort to cooperate, it can be said that Fredriks reflexively made contact with Plaintiff's stomach in order to prevent him from looking

into the solar eclipse without eye protection. All other allegations are denied generally and specifically.

PARAGRAPH 30

    Fredriks denies generally and specifically the allegations contained in Paragraph 30.

PARAGRAPH 31

    Fredriks denies generally and specifically the allegations contained in Paragraph 31.

PARAGRAPH 32

    Fredriks denies generally and specifically the allegations contained in Paragraph 32.

PARAGRAPH 33

    Fredriks denies generally and specifically the allegations contained in Paragraph 33.

PARAGRAPH 34

    To the extent Plaintiff incorporates the allegations contained within Paragraphs 1 through 33, Fredriks restates and incorporates his responses to same said paragraphs.

PARAGRAPH 35

    Fredriks denies generally and specifically the allegations contained in Paragraph 35.

PARAGRAPH 36

    Fredriks does not have sufficient information regarding the knowledge of what Plaintiff knew or thought, which would allow him to admit or deny the allegations in this paragraph and placing his denial upon that ground, denies any such allegation.

PARAGRAPH 37

    Fredriks denies generally and specifically the allegations contained in Paragraph 37.

PARAGRAPH 38

    Fredriks denies generally and specifically the allegations contained in Paragraph 38.

PARAGRAPH 39

To the extent Plaintiff incorporates the allegations contained within Paragraphs 1 through 38, Fredriks restates and incorporates his responses to same said paragraphs.

PARAGRAPH 40

Fredriks admits the allegations contained in Paragraph 40.

PARAGRAPH 41

Fredriks admits Plaintiff had a 504 Plan that included verbal reminders of academic expectations. All other allegations in Paragraph 41 are denied generally and specifically

PARAGRAPH 42

Fredriks admits the allegations contained in Paragraph 42.

PARAGRAPH 43

Fredriks denies generally and specifically the allegations contained in Paragraph 43.

PARAGRAPH 44

Fredriks denies generally and specifically the allegations contained in Paragraph 44.

PARAGRAPH 45

Fredriks denies generally and specifically the allegations contained in Paragraph 45.

PARAGRAPH 46

Fredriks does not have sufficient information regarding the interaction between Plaintiff's father and Rhett Carter to allow him to admit or deny the allegations in this paragraph, and placing his denial upon that ground, denies any such allegation.

///

///

///

PARAGRAPH 47

Fredriks does not have sufficient information regarding the interaction between Plaintiff and his parents and Susan Salucci to allow him to admit or deny the allegations in this paragraph, and placing his denial upon that ground, denies any such allegation.

PARAGRAPH 48

Fredriks admits *California Government Code* §815.2(a) applies to OUSD. The remaining allegations contained in Paragraph 48 are so vague, ambiguous, and so unintelligible that this defendant has difficulty understanding the allegations. To the extent a response is required, Fredriks denies each and every, all and singular, generally and specifically, the remaining allegations contained therein.

PARAGRAPH 49

To the extent Plaintiff incorporates the allegations contained within Paragraphs 1 through 48, Fredriks restates and incorporates his responses to same said paragraphs.

PARAGRAPHS 50-55

Paragraphs 50-55 which comprises Plaintiff's Fourth Cause of Action does not apply to defendant Fredriks. To the extent a response is required, Fredriks denies each and every, all and singular, generally and specifically, the remaining allegations contained therein.

PARAGRAPH 56

To the extent Plaintiff incorporates the allegations contained within Paragraphs 1 through 55, Fredriks restates and incorporates his responses to same said paragraphs.

///

///

///

PARAGRAPHS 57-62

Paragraphs 57-62 which comprises Plaintiff's Fifth Cause of Action does not apply to defendant Fredriks. To the extent a response is required, Fredriks denies each and every, all and singular, generally and specifically, the remaining allegations contained therein.

PARAGRAPH 63

To the extent Plaintiff incorporates the allegations contained within Paragraphs 1 through 62, Fredriks restates and incorporates his responses to same said paragraphs.

PARAGRAPH 64

Fredriks denies generally and specifically the allegations contained in Paragraph 64.

PARAGRAPH 65

Fredriks denies generally and specifically the allegations contained in Paragraph 65.

PARAGRAPH 66

Fredriks denies generally and specifically the allegations contained in Paragraph 66.

PARAGRAPH 67

To the extent Plaintiff incorporates the allegations contained within Paragraphs 1 through 66, Fredriks restates and incorporates his responses to same said paragraphs.

PARAGRAPH 68

Fredriks admits the allegations contained in Paragraph 68.

PARAGRAPH 69

Fredriks admits the allegations contained in Paragraph 69.

PARAGRAPH 70

Fredriks admits Plaintiff had a 504 Plan that included verbal reminders of academic expectations. All other allegations set forth in Paragraph 70 are denied generally and specifically.

PARAGRAPH 71

Fredriks believes the tem "punched" is too vague and ambiguous to allow him to admit or deny the allegations as asserted in Paragraph 71. In an effort to cooperate, it can be said that Fredriks reflexively made contact with Plaintiff's stomach in order to prevent him from looking into the solar eclipse without eye protection. All other allegations are denied generally and specifically.

PARAGRAPH 72

It is believed the allegations contained in Paragraph 72 are vague, ambiguous and so unintelligible that this defendant has difficulty understanding the allegations. To the extent a response is required, Fredriks denies each and every, all and singular, generally and specifically, the remaining allegations contained therein.

PARAGRAPH 73

Fredriks denies generally and specifically the allegations contained in Paragraph 73.

AS SEPARATE AND AFFIRMATIVE DEFENSES, defendant Fredriks alleges:

FIRST AFFIRMATIVE DEFENSE
(WILFULL CONDUCT)

That at all time herein mentioned, the plaintiff was guilty of willful misconduct which contributed proximately to the accident and to the injuries sustained therein.

SECOND AFFIRMATIVE DEFENSE
(IMMUNITY – REASONABLENESS)

That the acts of this defendant were reasonable within the meaning of *Government Code* § 835.4 and defendant is therefore immune from liability.

///

///

### THIRD AFFIRMATIVE DEFENSE
### (DISCRETIONARY AUTHORITY – IMMUNITY)

Any and all acts of defendant Ty Fredriks and his agents and employees which allegedly caused the injury complained of were the result of the exercise of the discretionary authority vested in them. Therefore, this defendant is not liable to the plaintiff or for the damages, if any, pursuant to the provisions of *Government Code* § 820.2.

### FOURTH AFFIRMATIVE DEFENSE
### (MITIGATE DAMAGES)

This defendant alleges that plaintiff's alleged injuries, loss, or damages, if any, were aggravated by plaintiff's failure to use reasonable diligence to mitigate his damages.

### FIFTH AFFIRMATIVE DEFENSE
### (CLAIMS FILING)

This answering defendant alleges that if, and to the extent that, the allegations of the complaint attempt to enlarge upon the facts and/or contentions set forth in the claim, if any, filed by plaintiff, then said complaint fails to state a cause of action and violates the provisions of California Government Code Chapter I (commencing with § 900) and Chapter II (commencing with § 901) and this answering defendant hereby reserves their right to strike said allegations and to object to any evidence directed to proof of said allegations.

### SIXTH AFFIRMATIVE DEFENSE
### (GOOD FAITH)

That at all times herein mentioned, defendant acted in good faith.

///

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED:  October 10, 2018.	LAW OFFICES OF GREGORY L. MYERS

*/s/ Gregory L. Myers*
By:_____
　　Gregory L. Myers
　　Attorney for Defendant
　　TY FREDRIKS